(43 App. Div. 198.)

PEOPLE ex rel. BRONX GAS & ELECTRIC CO. v. FEITNER et al.

(Supreme Court, Appellate Division, First Department. July 18, 1899.)

ILLEGAL TAX—CERTIORARI TO REVIEW—EVIDENCE.

　　Charter of New York, § 906, provides that the court shall allow certiorari to review on the merits an assessment on the verified petition of the aggrieved person, on an allegation that the assessment is illegal for overvaluation, or, in case of real estate, because of inequality. *Held*, that

on verified petition to review an assessment, alleging that it was erroneous because of an overvaluation, and because the land was assessed at a higher proportionate valuation than other real estate, it was error, on a return to the writ alleging that the assessment was duly made and that an application for reduction was denied, and that the statement as to the higher proportionate value was untrue, to dismiss the petition without taking evidence, under Laws 1898, c. 908, § 253, providing that, where it appears that testimony is necessary, the court shall take it, or appoint a referee to report the same, with his findings.

Appeal from special term, New York county.

Certiorari by the people, on the relation of the Bronx Gas & Electric Company, against Thomas L. Feitner and others, commissioners of taxes and assessments, to review an assessment on real property. From a judgment dismissing the writ (58 N. Y. Supp. 875), plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Alfred B. Cruickshank, for appellant.
James M. Ward, for respondents.

McLAUGHLIN, J. Section 906 of the charter of the city of New York provides that a certiorari to review or correct, on the merits, any final determination of the board of taxes and assessments, shall be allowed by the supreme court, or any justice thereof, on the verified petition of the party aggrieved, but only on the ground, which must be specified in such petition, that the assessment is illegal or erroneous by reason of overvaluation, or, in the case of real estate, that the same is erroneous by reason of inequality, in that the assessment has been made at a higher proportionate valuation than the assessment of other real estate on the tax roll of the city for the same year, and that the petitioner will be injured thereby. In pursuance of this section, the relator applied, upon a verified petition, to, and obtained from, the supreme court a writ of certiorari to review an assessment made in 1898 by the commissioners of taxes and assessments of the city of New York upon its property, which consisted of two pieces of real estate, and certain appliances used by it in generating electricity and in furnishing electric lights. In its petition it alleged that the assessment was illegal and erroneous, because its property was assessed at an overvaluation, and also because the assessment was unequal, in that its property was assessed at a higher proportionate valuation than other real estate (many instances of which were given) on the same roll and for the same year; that its property was assessed at $89,000, instead of $14,644, which was the full value, and at more than it would sell for under ordinary circumstances, and that, by reason of such inequality and overvaluation, the relator would be injured; that an application had been made, in the manner provided by law, to the commissioners of taxes and assessments for a reduction, and that its application was denied. The respondents, in their return to the writ, alleged that the assessment was duly and legally made; that the relator applied for a reduction of its assessment, and, for the purpose of procuring the same, it furnished a written statement as

to the value of its property, and that this statement showed that the original cost of the property assessed at $89,000 was upward of $180,000, and that the income therefrom during the year preceding the time the assessment was made was more than $61,000; and as to the statement that the assessment was unequal, "in that it was made at a higher proportionate valuation than other real estate on the same roll," they certified and returned, "upon information and belief, that each and every of such statements is untrue." The issue formed by the petition for, and the return to, the writ came on for trial, and on the opening, and before any evidence had been taken, the learned justice at special term, notwithstanding the relator requested that evidence be then taken or else a referee be appointed for that purpose, dismissed the proceeding, and the relator has appealed.

We are of the opinion that the appeal is well taken. The court could not thus summarily dispose of the matter. A question of fact was presented, both as to the overvaluation of the relator's property and the inequality of the assessment, which question the relator had a legal right to have determined from such evidence as it and the respondents might produce. This is precisely the right which the statute gave him. The tax law provides (Laws 1896, c. 908, § 253):

"If upon the hearing it shall appear to the court that testimony is necessary for the proper disposition of the matter, it may take evidence or may appoint a referee to take such evidence as it may direct, and report the same to the court, with his findings of fact and conclusions of law, which shall constitute a part of the proceedings upon which the determination of the court shall be made."

The statute, while permissive in form, is nevertheless mandatory. It provides for the doing of an act for the sake of justice, and for that end clothes a public officer with power, the exercise of which concerns the interest of individuals, and, although the language is permissive, it must be construed as mandatory. People v. Board of Sup'rs of Otsego Co., 51 N. Y. 401. Under it the court has no option, when it is "necessary for the proper disposition of the matter," except to determine whether it will take the evidence itself or appoint a referee to do so for it. In all cases of this character, where an issue of fact is raised, the statute contemplates that testimony shall be taken. It was never intended by the legislature that the issues raised by the petition and the return thereto should be tried in any other way. The petition "is in the nature of a pleading, and only conclusions of fact need be stated, and not the evidence necessary to support them. The statute says that the writ may be allowed on the duly-verified petition of the taxpayer, when the petition shall set forth that his assessment is unequal, in that it has been made at a higher proportionate valuation than other property on the same roll, and that he will be injured by such unequal assessment." In re Corwin, 135 N. Y. 245, 32 N. E. 16. This petition contains all the allegations required by the statute to obtain the writ. It alleges that the other assessments on the roll were made at a lower proportionate valuation than the assessment of the

relator's property, and that its assessment is not only largely in excess of the real value of the property, but is not in proportion to the basis of the valuation adopted in making other assessments. It seems to me that the petition brings the case directly within the rule laid down by Judge Andrews in People v. Carter, 109 N. Y. 576, 17 N. E. 222, which is that a relator must "show a state of facts from which a presumption justly arises that the inequality of which he complains will subject him to the payment of more than his just portion of the aggregate tax." It has long been settled that in proceedings to review assessments the return of the assessors is not conclusive. People v. Barker, 152 N. Y. 417, 46 N. E. 875; People v. Smith, 24 Hun, 66; People v. Palmer, 86 Hun, 513, 33 N. Y. Supp. 926. A judgment, therefore, such as the court at special term rendered, would be justified only when a judgment on the pleadings might properly be rendered in an action. That could only be done for the defendant when the complaint failed to state facts sufficient to constitute a cause of action. That certainly could not be done in this case, because, as we have already seen, the petition states a violation of the statute, both as to the overvaluation and as to the inequality of the assessment.

The statute giving to taxpayers the right to review assessments is a wholesome and beneficial one. Its purpose is to prevent favoritism and partiality on the part of the assessing power, and to subject all taxable property alike to its fair, just, and proportionate share of tax. To accomplish this, it is made the duty of the court, when facts are properly presented, to review the decision of the taxing body on the merits, and that was not done in this case. The court should have taken, or appointed a referee to take, testimony, and from that determined whether the relator was illegally assessed. The relator requested that this be done, but his request was refused, and for the error thus committed the order and judgment appealed from must be reversed, with costs, the writ reinstated, and the proceeding remitted to the special term for action according to law. All concur.