(61 App. Div. 117.)

PEOPLE ex rel. THOMSON v. FEITNER et al., Com'rs.

(Supreme Court, Appellate Division, First Department. May 10, 1901.)

TAXATION—CERTIORARI—SUFFICIENCY OF PETITION.

A petition stating the amount of a real-estate assessment, and the excess over any former assessment, and which shows the highest valuation and bid on the property when offered for sale, which is much less than the assessed value, and the low rental value of the property as a result of the inferior construction of a building, is sufficient to authorize a writ of certiorari against the tax commissioners to review such assessment, on the ground that the valuation is excessive.

Van Brunt, P. J., dissenting.

Appeal from special term, New York county.

Certiorari by the people, on the relation of Anne D. Thomson, against Thomas L. Feitner and others, as tax commissioners. From an order denying a motion to quash the writ, defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

James M. Ward, for appellants.
Leo Everett, for respondent.

PATTERSON, J. This is an appeal from an order denying a motion to quash a writ of certiorari to review the action of the tax commissioners in assessing real estate belonging to the relator for the purpose of taxation for the year 1899, and directing a reference of the issue framed by the petition of the relator, and the return of the respondents thereto. There are two grounds upon which the relator claimed that the action of the commissioners in fixing the amount of the assessment was erroneous: First, overvaluation; and, second, inequality. On the argument of the appeal the second ground

was abandoned by the counsel for the relator. It is argued by the commissioners that the writ of certiorari should have been quashed because of the insufficiency of the petition upon the subject of undervaluation. It is urged that what was decided by this court in People v. Feitner, 45 App. Div. 542, 61 N. Y. Supp. 432, controls in this case; and it is suggested that there is some conflict between that case and what was held by this court in People v. Feitner, 43 App. Div. 198, 59 N. Y. Supp. 327. There is no such conflict, as was pointed out in the Sutphen Case. The petition in the case at bar sets out sufficiently the grounds upon which overvaluation of the relator's premises may be predicated. It states that the lot and building are assessed for the purposes of taxation for the year 1899 at the sum of $270,000,—an increase of $105,000 over the assessment for 1898 and several previous years. Counsel for the appellants properly argues that, if that were all the petition contained upon the subject of valuation, it would be insufficient; but it contains much more. It alleges that the highest valuation that had ever been placed upon the building was $150,000, and that the best offer that has ever been made for it is $135,000. It then proceeds to show specific reasons for the low valuation and low selling price of the land and building, by reason of its situation, the character of its construction, and its inferiority to adjoining buildings and other new and larger structures in the neighborhood, and that, with every economy of administration, and with the building fully rented, the net income derived from it has not been higher than $4,400 in 1888, and has greatly diminished since then. It is further alleged that the valuation placed by the assessors on the property is at least $135,000 in excess of the market value of the property. All these allegations suffice as statements of fact to indicate prima facie overvaluation, and, by the return to the petition and issue arising upon that subject, it was within the discretion of the court to direct a reference.

The order appealed from should be affirmed, with costs. All concur, except VAN BRUNT, P. J., who dissents.