(81 App. Div. 118.)

PEOPLE ex rel. CITIZENS' LIGHTING CO. v. FEITNER et al., Tax Com'rs.

(Supreme Court, Appellate Division, First Department. March 20, 1903.)

1. TAXATION—ASSESSMENTS—CERTIORARI—PETITION—ADDITIONAL PROOF — REVIEW ON MERITS.

Laws 1896. p. 886, c. 908, provides for the allowance of a writ of certiorari to review assessments for taxes. Section 253 provides that if, on the hearing, it shall appear to the court that testimony is necessary for the proper disposition of the matter, it may take evidence, etc. Relator made application to the commissioners of taxes and assessments for a review of an assessment on its property, setting out all the grounds on which it based its right to be relieved from taxation. After a hearing the commissioners increased the assessment, and when the revised assessment had been placed on the roll relator petitioned for a writ of certiorari to review it. *Held* that, as the application made to the commissioners was as full and complete as the facts stated in the petition, and was annexed thereto, and formed a part thereof, the relator became entitled to a review of the assessment on the merits, and to lay before the court all of the facts which had been given before the commissioners, and to offer such additional proof as was material to the issues as presented and deemed by the court to be necessary for a proper disposition of the matter.

Van Brunt, P. J., and O'Brien, J., dissenting.

Appeal from Special Term, New York County.

Certiorari by the people, on the relation of the Citizens' Lighting Company, to Thomas L. Feitner and another, as commissioners of taxes and assessments of the city of New York, to review an assessment on relator's property. Order dismissing proceeding, and relator appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Charles A. Collin, for appellant.

Andrew T. Campbell, Jr., for respondents.

HATCH, J. The question involved in this appeal is one of procedure. The relator was assessed by the commissioners of taxes and

assessments of the city of New York the sum of $25,000 upon its property. Thereupon it made an application in due form for the review of this assessment, contending before the commissioners of taxes and assessments that it was exempt from all assessment whatever. In such application it presented to the board all of the grounds upon which it based its right to be relieved from taxation that it sets out and avers in the petition which forms the basis of this proceeding. The commissioners, after a hearing, determined that the relator's assessment, instead of being too high, was too low, and thereupon fixed the taxable value of the relator's property at $100,-000. After the revised assessment had been placed upon the assessment roll, the relator instituted this proceeding by petition. The commissioners made their return to the writ, and the same came on for hearing at Special Term, at which time the application was made to the court to take proof, or to order a reference for that purpose. The court seems to have granted such request, and proceeded with the hearing upon the issues thus framed. It, however, excluded substantially all of the material testimony offered by the relator, its rules being seemingly based upon the ground that the same proof had been offered before the commissioners, in consequence of which the relator had had its day in court, and was not entitled to a rehearing upon the same subject-matter which had engaged the attention of the commissioners upon the application to them. The practical effect of the court's ruling was to deny to the relator a rehearing of the question upon which it sought to procure the judgment of the court, and in the disposition of this appeal the question is to be treated as though the court had dismissed the writ and refused to entertain relator's application thereunder.

It may be stated at the outset that there are now known to the law three writs of certiorari: First, the common-law writ; second, the statutory writ under the Code; and, third, a special statutory proceeding to review questions of taxation, which may be designated as a writ of review de novo. The first brings up the record for inquiry into regularity and jurisdiction, and may also be resorted to in bringing up for review criminal proceedings, and permits of an examination of the evidence to determine whether the proof is sufficient to warrant the relator being held. The second brings up both record and proceedings, and not only permits an inquiry into jurisdiction and regularity, but also a consideration of the evidence, both as to errors committed, and the sufficiency of the testimony to sustain the action of the inferior tribunal. The last embraces all that is contained in the other two; but, in addition, authorizes a rehearing of the question at issue and the introduction of additional proofs bearing thereon. In the first two writs the return of the person, officer, or body to whom the writ is addressed is conclusive upon all questions of fact stated therein. Upon the last-named writ, the petition of the relator and the return of the commissioners are regarded simply as pleadings in the proceeding; and the issues raised thereby furnish the subject-matter, save as we shall hereafter note, upon which the determination is to be had. As applicable to writs of certiorari, this wrought a radical departure from the rules which had formerly regu-

lated the questions brought up by such writs. These rulings have long been settled, have found frequent expression in the decisions of courts, and had well-known limitations. It is not surprising, therefore, that something of confusion should be bred in making application of them when considering the special statutory writ. The conservatism of the law, which resists innovations; the learning of lawyers, which induces them to cling fast to rule and precedent; and the anomaly of applying the writ of certiorari to a proceeding for such a purpose—has tended somewhat to the confusion referred to, and inadvertently courts have applied the rules of the old writs in determination of questions arising under the new, with the result that many expressions contained in the books may not be easily harmonized with the rules now established in construction of the proceedings under this writ. It is not needful that we specify such cases, or point out their errors. In People ex rel. Manhattan R. Co. v. Barker, 152 N. Y. 417, 46 N. E. 875, the Court of Appeals construed section 253 of the tax law (Laws 1896, p. 886, c. 908), and fully state the office of the writ thereunder, and the rules to be applied, in these words:

"The mode of procedure specified is by writ of certiorari, with new and unprecedented powers, authorizing the determination of questions of fact upon further evidence taken in the court of first review. The statute (Laws 1880, pp. 402, 403, c. 269) provides for a return to the writ that must include copies of the assessment roll and other papers acted upon by the assessors, if called for, and may include 'such other facts as may be pertinent and material to show the value of the property assessed on the roll and the grounds for the valuation made by the assessing officers.' Section 3. If any one of the three evils which it is the object of the statute to redress appears by the return, the court has power to order the assessment, 'if illegal, to be stricken from the roll, or, if erroneous or unequal, to order a reassessment, * * * or the correction thereof,' 'in whole or in part, in such manner as shall be in accordance with law, or as shall make it conform to the valuations and assessments applied to other real or personal property in the same roll, and secure equality of assessment. If, upon the hearing, it shall appear to the court that testimony is necessary for the proper disposition of the matter, the court may take evidence or may appoint a referee to take such evidence as the court may direct, and report the same to the court, and such testimony shall constitute a part of the proceedings upon which the determination of the court shall be made.' Section 4. 'A new assessment, or correction of an assessment, made by the order of the court, shall have the same force and effect as if it had been so made by the proper assessing officers within the time originally prescribed by law for making such assessment.' Section 5. Thus we have a writ of certiorari with novel functions hitherto unknown to such methods of review. The common-law writ brings up the record for inquiry into jurisdiction and regularity, and, in criminal or quasi criminal cases, the evidence also, 'to see whether, as a matter of law, there was any proof which could warrant a conviction of the relator.' People ex rel. C. G. L. Co. v. Board of Assessors, 39 N. Y. 81; Peo. ex rel. Cook v. Board of Police, 39 N. Y. 506, 512, 518. The general statutory writ brings up both record and proceedings for examination, not only as to jurisdiction and method of procedure, but also to see whether there was a violation of any rule of law, or any competent proof of all the essential facts, or a preponderance of proof against the existence of any of those facts. Code Civ. Proc. §§ 2120–2148; People ex rel. Coyle v. Martin, 142 N. Y. 352 [37 N. E. 117]. The special statutory writ now before us differs from its predecessors in one remarkable respect, in that it permits a redetermination of all questions of fact upon evidence taken, in part at least, by the Special Term, or under its direction. People ex rel. U. & D. R. R. Co. v. Smith, 24 Hun, 66, 71; People ex rel.

Grace v. Gray, 45 Hun, 243, 245. As was well said by one of the learned counsel for the relator in his argument before us upon the merits, the 'provision that testimony may be taken in the judicial proceeding which the act authorizes implies that the judicial tribunal shall examine, consider, and give due effect to the same in determining the question of illegality, or erroneous overvaluation, or other issue of fact arising upon the petition and return; in short, that the judicial tribunal shall deal with the testimony as courts deal with evidence, and not in the manner of mere administrative tribunals like a board of tax commissioners.' What is called a 'review' may thus become a proceeding in the nature of a new trial. The return is not conclusive, as in the common-law and Code writs. People ex rel. Miller v. Wurster, 149 N. Y. 549 [44 N. E. 298]; Harris on Certiorari, § 126. The provisions of the Code do not apply to it. People ex rel. Church of N. O. v. Assessors, 106 N. Y. 671 [12 N. E. 794]. The petition is regarded as the complaint, the return as the answer; and, in deciding the issues joined thereby, the court may call witnesses to its aid, and their testimony becomes a part of the proceedings upon which the determination of the court is to be made. That determination is a revaluation, and it may be a different valuation of the property assessed. Such was the method of procedure in this case. A new trial was had, somewhat like the new trial in County Court upon appeal for that purpose from Justices' Court. New evidence was taken, which, by command of the statute, the court was bound to consider in making its determination. In other words, it was the duty of the court to retry the questions of fact; and decide them over again; and, whether its findings were written out or left to necessary implication, there is no escaping the conclusion that the facts are conclusively presumed to have been decided de novo. Amherst College v. Rich, 151 N. Y. 282 [45 N. E. 876, 37 L. R. A. 305]. Thus the writ under consideration may be a writ of review merely, and hence properly called a writ of certiorari, and it may be in the nature of venire de novo, and utterly foreign in function to the writ of certiorari as known in the history of the law." Pages 428–432, 152 N. Y., pages 878, 879, 46 N. E.

The doctrine of this case was followed and applied in People ex rel. Bronx Gas Co. v. Feitner, 43 App. Div. 198, 59 N. Y. Supp. 327. It was reiterated and applied in People ex rel. Thomson v. Feitner, 168 N. Y. 441, 61 N. E. 763, and by this court in People ex rel. Broadway R. Co. v. Feitner, 61 App. Div. 156, 70 N. Y. Supp. 452, affirmed by the Court of Appeals on the prevailing opinion below, 168 N. Y. 661, 61 N. E. 1132. These cases decide that, where application has been made to the tax commissioners for the reduction of an assessment, and the commissioners have acted thereon adversely to the application, either in whole or in part, the person or corporation aggrieved thereby becomes entitled to sue out a writ of certiorari for a review of such action, and, upon return being made thereto by the commissioners, the relator becomes entitled as matter of right to a rehearing of such application, and may produce and give before the court or a referee all the evidence which was laid before the commissioners, and such further evidence as the relator chooses to produce bearing upon the material issues raised by the petition and return, if the court deem it necessary for a proper disposition of the matter.

The respondent, however, contends that the sole effect of these decisions to which we have called attention is limited to a case where the commissioners have failed to grant a hearing thereon; and in a case where the relator has appeared and presented to the commissioners a completed case, covering the whole subject-matter contained in the application, the relator has had his day in court, and

has no right to require the court "to take testimony for the purpose of modifying, enlarging, varying, contradicting, or confirming the testimony taken before the board of taxation." It was said by this court in People ex rel. Bronx Gas Co. v. Feitner, supra:

"The statute giving the taxpayers the right to review assessments is a wholesome and beneficial one. Its purpose is to prevent favoritism and partiality on the part of the assessing power, and to subject all taxable property alike to its fair, just, and proportionate share of tax. To accomplish this, it is made the duty of the court, when facts are properly presented, to review the decision of the taxing body on the merits."

In this case the court was speaking of the right with which the relator was invested, and, if the right exists to have a review of the case as made before the commissioners upon the merits, then it cannot make the slightest difference whether proof was taken under the application which was made to the commissioners for a reduction of the tax, or whether it was omitted, and the question considered upon the facts as set forth in the application. The hearing upon the merits must be a rehearing of the case as made; and, as the statute secures such right, the proceedings had before the commissioners in no wise modify or control it. As was said in People ex rel. Manhattan R. Co. v. Barker, supra, "that determination is a revaluation, and it may be a different valuation of the property assessed." The learned counsel for the respondent cites in support of his claim People ex rel. Sutphen v. Feitner, 45 App. Div. 542, 61 N. Y. Supp. 432; People ex rel. Greenwood v. Feitner (Sup.) 79 N. Y. Supp. 309. As we read these cases, they do not sustain the proposition contended for, nor are they inharmonious with the decisions of the Court of Appeals, or of the former decisions of this court. In the Sutphen Case was reviewed section 895 of the charter of the city of New York (Laws 1897, p. 319, c. 378). Therein it was said "that a person claiming to be aggrieved by the assessed valuation of real and personal estate may make application to the board of taxes and assessments for a correction of the assessment. * * * A party who neglects to apply to the commissioners to correct an assessed valuation cannot question it by certiorari." And it was further held that, if such application did not show facts from which it appeared or could be inferred that he was aggrieved by the assessment, then nothing was presented before the commissioners for review; and the court said:

"The office of a writ of certiorari is to review action already taken. In order that such a review may be had, it was incumbent upon the relator in the first instance to set before the commissioners the facts upon which he required them to act, and which he claims show inequality or overvaluation; otherwise the proceeding before them is a merely perfunctory one, and the whole burden of revising the assessment rolls may be thrown upon the courts."

And for the reason that the application raised no question upon which the commissioners could act, there was, in legal effect, nothing upon which a writ of certiorari could be founded. The last case decided by this court did no more than announce the same rule regulating taxation. The statutes and methods of procedure thereunder are in pari materia, and must, therefore, be construed together. We think, the Court of Appeals has sanctioned the conclusion at which we ar-

rived in the Sutphen Case, as we now construe it. In People ex rel. Zollikoffer v. Feitner, 34 Misc. Rep. 299, 69 N. Y. Supp. 793, the court made application of the rule announced in the Sutphen Case; but Mr. Justice Freedman, in the opinion written by him, which was the only opinion written in the case in any court, said:

"Each case must still stand upon its own bottom, and in each case it must still appear that the relator has complied with every prerequisite before he can claim the interposition of the court. When this is made to appear, the special statutory writ not only permits a review of the jurisdiction and method of procedure, and any inquiry whether there has been a violation of any rule of law or any competent proof of all the essential facts, or a preponderance of proof against the existence of any of those facts, but also authorizes a redetermination of all questions of fact upon evidence taken, in part at least, by the Special Term, or under its direction, and thus what is called a review may become a proceeding in the nature of a new trial."

Upon appeal to this court the decision was affirmed upon the authority of the Sutphen Case, supra, and by the Court of Appeals, 168 N. Y. 674, 61 N. E. 1133. In People ex rel. Manhattan R. Co. v. Barker, supra, the court likened the method of procedure provided by this writ to the case of a new trial in the County Court upon an appeal from a justice's court. It was always the rule in such cases that the new trial was had upon the issues raised by the pleadings in the court below. In like manner the issue in this proceeding must be raised by the application which is made to the commissioners, and, unless that shows matter which may be the subject of grievance, nothing will be brought up by the petition, however full and complete it may be. The fundamental statement is the application, and without it nothing is presented upon which the court can act. Such is the effect of the decisions upon this subject.

In the present case the application made to the commissioners was as full and complete as the facts stated in the petition. It is annexed thereto, and forms a part thereof. Consequently the relator brought himself squarely within the terms of the statute and the decisions construing it. It became entitled, therefore, to a review of the assessment upon the merits, and became entitled to lay before the court or referee appointed under its direction all of the facts which had been given before the commissioners, and to offer such additional proof as was material to the issues as presented and deemed by the court to be necessary for a proper disposition of the matter.

It is said by the respondent, however, that the relator will not be authorized to change his case as made before the commissioners, and that a taxpayer may not be permitted to make one statement to the commissioners and another to the court. This question, however, does not relate to any question of procedure, but bears solely upon the question as to the force and effect which shall be given to the evidence after it is received, and will be disposed of upon the same considerations as apply when the court comes to weigh the testimony and give force and effect thereto.

If these views be sound, it follows that the order appealed from should be reversed, and a new hearing ordered to be had, with costs to the appellant to abide the event.

INGRAHAM and McLAUGHLIN, JJ., concur.

VAN BRUNT, P. J.  I dissent.  I do not think that the statute intended that the court should become an assessor in every case in which an application is made to it.

O'BRIEN, J. (dissenting).  I concur in the view expressed in the case of People ex rel. Zollikoffer v. Feitner, 34 Misc. Rep. 299, 69 N. Y. Supp. 793, that "the special statutory writ not only·permits a review of the jurisdiction and method of procedure, and any inquiry whether there has been a violation of any rule of law, or any competent proof of all the essential facts, or a preponderance of proof against the existence of any of those facts, but also authorized a redetermination of all questions of fact upon evidence taken, in part at least, by the Special Term, or under its direction, and thus what is called a review may become a proceeding in the nature of a new trial." I do not think, however, that it was intended that the relator should, as matter of right, have two trials—one before the commissioners, and one before the court;  my view being that, where the facts have been fully and fairly presented before the commissioners, and they have reached a determination after the taxpayer has had his day in court, their determination is final.  It is only where the determination of the tax commissioners is illegal, or unequal, or void, or is made upon insufficient evidence, or is against the weight of evidence, or arbitrary, so that it appears it was erroneous, that a rehearing or new trial may be had before the Special Term.  I do not assent to the construction given to the statute that in every case, as matter of right, the relator is entitled to a rehearing.  Such a construction would be burdensome in the extreme, would compel the Special Term to hear every application anew, would impair, if not destroy, the usefulness of the tax commissioners, and render their determination, though valid, equal, and correct, a mere brutum fulmen.  Such a construction is not warranted, and should not be given to the statute.

I therefore dissent.