PEOPLE ex rel. P. F. BHUMGARA CO. v. WELLS et al., Com'rs.

(Supreme Court, Appellate Division, First Department.   April 8, 1904.)

1. TAXATION—RETURN—FAILURE TO CONTRADICT—ACTS OF COMMISSIONERS.

Where, on an application for reduction of a personal tax assessment, relator filed with the tax commissioners a verified statement showing its assets, indebtedness, and the amount of personal property not subject to assessment, which statement was not contradicted or disputed by the commissioners, they had no power to make an arbitrary assessment, not based on such return, on the ground that they did not believe a portion thereof.

2. SAME—REASSESSMENT—EVIDENCE.

Where a return to a writ of certiorari to review a tax assessment denied that the assessment was erroneous by reason of overvaluation, or was unequal, in that it was made at a higher proportionate valuation than other real or personal property on the same roll, or that the same was illegal, erroneous, or void on any ground, but the facts set out in the petition on which such claims were made were not denied, and the denials made were unsupported, but were contrary to the admitted facts, there was no issue of fact presented, and hence the Special Term did not err in refusing to take testimony bearing on the questions involved and in reducing the assessment in accordance with relator's statement.

Van Brunt, P. J., dissenting.

Appeal from Special Term, New York County.

Certiorari by the people, on the relation of the P. F. Bhumgara Company, against James L. Wells and others, as commissioners of taxes and assessments.   From an order reducing relator's assessment and denying defendants' motion to take testimony, they appeal.   Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

George S. Coleman, for appellants.

Henry W. Rudd, for respondent.

McLAUGHLIN, J.   An assessment of $60,000 was imposed upon the relator's property for the year 1902.   After the same had been made, and while the assessment books were open for correction, the relator applied for a reduction thereof, and filed with the tax commissioners a verified statement showing its financial condition for the

¶ 1. See Taxation, vol. 45, Cent. Dig. § 619.

purposes of taxation for the year named. According to this statement its gross assets were $52,456.73, of which $17,579.53 consisted of "imported merchandise in original packages in bonded warehouse," and its indebtedness, $33,915.67. Upon this statement—the truth of which, so far as appears, was then unquestioned by the tax commissioners—the relator's assessment was reduced from $60,000 to $18,540, the latter figure being reached by deducting the indebtedness as shown by the statement from the gross assets. No deduction, however, was made for the imported merchandise in original packages in bonded warehouse, amounting to $17,579.53. Thereafter the relator, claiming to have been aggrieved by the assessment, inasmuch as the value of the imported merchandise was not deducted, upon a petition setting out the foregoing facts, obtained a writ of certiorari to review the proceedings of the commissioners. In the return to the writ the commissioners alleged that the imported merchandise in original packages was not deducted because the verified statement was filed by the relator "only two business days before the taxbooks closed under the provisions of the Greater New York Charter, and under the press of business at that time we were unable to verify the statements so made by the relator or ascertain the details with reference to its assets and liabilities. The statement did not disclose what portion of such accounts had been incurred in the purchase of imported merchandise in the original packages, and, as we were informed that the relator's business consisted in a large part of buying and selling such imported merchandise, the statement appeared to us utterly unsatisfactory. For all of these reasons we were led to disbelieve the statement of the relator." The return further alleges that the commissioners "were unable to ascertain whether any of such accounts payable were incurred in the purchase of imported merchandise in the original packages which are nontaxable by us, or whether the relator had borrowed money to pay for such imported merchandise in the original packages, or what portion of the bills and accounts payable were directly or indirectly incurred in the purchase of such imported merchandise in the original packages; but we assumed that of such indebtedness at least the sum of $17,579 was so incurred directly or indirectly, and therefore did not deduct the amount of such imported merchandise owned by relator, as disclosed by such statement, to be of the value of $17,579. We accordingly deemed the sum of $18,540 to be the sum for which the relator was lawfully and justly assessable upon its personal property. * * *" Upon the matter coming on to be heard before the Special Term, the relator moved upon the petition, writ, and return thereto, for judgment as prayed for in the petition, and that the assessment be reduced to the sum of $961. The defendants moved that the writ be quashed upon the ground that the relator had failed to produce testimony to support the allegations of the petition, and, if such motion be denied, that the court take testimony upon the issues raised by the petition and return, or appoint a referee for that purpose. The relator's motion was granted, and the defendants have appealed.

I am of the opinion that the order appealed from should be affirmed. The verified statement filed by the relator showed its assets, indebtedness, and the amount of personal property which was not subject to

assessment. This statement was not contradicted, nor was it disputed in any way. The assumption on the part of the commissioners that some part of the indebtedness might possibly have been incurred in the purchase of nontaxable property was not only unsupported by evidence, but was contradicted by the statement itself. It appeared therein that the relator was asked, "Has any portion of the above indebtedness been contracted or incurred in the purchase of nontaxable property or securities?" to which it answered, "No." There being nothing, therefore, to contradict this evidence, the commissioners could not arbitrarily disregard it. People ex rel. Edison General Electric Co. v. Barker, 141 N. Y. 251, 36 N. E. 196; People ex rel. Consolidated Gas Co. v. Feitner, 78 App. Div. 313, 79 N. Y. Supp. 975. If they were not satisfied with the statement, they could have required further information from the relator on that subject. This, however, they did not do. Having accepted it as true, it is no answer, when the validity of the assessment is challenged, to allege they did not believe what was therein stated. Official acts must have something more for their support, when brought under judicial review, than a mere surmise or belief. There must underlie the belief some evidence tending to justify it. Assessing officers cannot act arbitrarily. When evidence is laid before them as to the existence of certain facts, they are bound to consider and act upon it. Of course, they are not bound by statements which are contradicted, and which they disbelieve, where good reasons exist for such disbelief (People ex rel. Manhattan Railway Co. v. Barker, 146 N. Y. 314, 40 N. E. 996); but where a statement is made (the truth of which is not disputed) a mere surmise that it may not be true does not justify assessing officers in rejecting such statement, or acting otherwise than in accordance therewith. Here the verified statement filed by the relator with the commissioners disclosed the relator's property, and that part of it which was assessable. The facts being undisputed, the same were conclusive, and entitled the relator to have its assessment reduced to the amount to which the Special Term reduced it. People ex rel. Edison Electric Illuminating Co. v. Barker, 139 N. Y. 63, 34 N. E. 722. But the appellants insist that the Special Term, instead of reducing the assessment, should have taken testimony bearing upon the issues involved, or sent the matter to a referee for that purpose. This is undoubtedly true if an issue of fact were raised by the petition for and the return to the writ. People ex rel. Thomson v. Feitner, 168 N. Y. 441, 61 N. E. 763; People ex rel. Bronx Gas Co. v. Feitner, 43 App. Div. 198, 59 N. Y. Supp. 327; People ex rel. Broadway Realty Co. v. Feitner, 61 App. Div. 156, 70 N. Y. Supp. 452, affirmed on prevailing opinion below 168 N. Y. 661, 61 N. E. 1132; People ex rel. Citizens' Lighting Co. v. Feitner, 81 App. Div. 118, 81 N. Y. Supp. 73. Here there was no issue of fact raised by the petition and return. It is true in the return the commissioners denied that the assessment was erroneous by reason of overvaluation, or was unequal in that it was made at a higher proportionate valuation than other real or personal property on the same roll, or that the same was upon any of the grounds illegal, erroneous, or void. But the facts set out in the petition upon which such claims were made were not denied, and therefore these denials were mere conclusions, unsupported

by and contrary to the admitted facts. This being the situation, the court at Special Term properly denied defendants' motion to quash the writ or take evidence, and properly granted relator's motion to reduce the assessment.

The order appealed from must therefore be affirmed, with $10 costs and disbursements.

PATTERSON and LAUGHLIN, JJ., concur.

VAN BRUNT, P. J. I dissent. The facts set out in the petition were denied, and under the decisions of this court, as I understand them, the defendants were entitled to offer evidence as a matter of right.

O'BRIEN, J. The question of whether there could be a new assessment at Special Term upon new evidence taken was directly presented in People ex rel. Lighting Co. v. Feitner, 81 App. Div. 118, 81 N. Y. Supp. 73, and my view then was that that could not be done; but the majority of this court thought otherwise. If the relator, under the decisions of this court, has a right to have a reassessment by the Special Term, no good reason is suggested why the same right should not be accorded to the tax commissioners. The present view of the majority, as I read the opinion, is against reassessment by the court on the application of the city, and that the validity and correctness of the tax must depend upon the facts before the commissioner when the tax is imposed. If the city will not be allowed to introduce additional testimony on the hearing at the Special Term to sustain their determination, it seems to me, for the reasons stated in Lighting Co. v. Feitner, supra, that one assailing the tax has no greater right. The present decision inclining to the view, therefore, that there should be no reassessment by the Court at Special Term, I concur in the result.