PEOPLE ex rel. BISHOP v. FEITNER et al., Tax Com'r.

(Supreme Court, Appellate Division, First Department.   December 28, 1906.)

TAXATION—REVIEW OF ASSESSMENT—CERTIORARI.

> On certiorari to review an assessment for taxation, the petition alleged that the percentage in the increase of assessment on adjacent property and on all the property in the tax district was less than the percentage of increase on relator's property; that such valuations included additional valuations by reason of the erection of new buildings, and that no improvements had been made on relator's property; that the assessment should not have been greater than it was during the previous year; and that the assessment was erroneous by reason of inequality. The return set forth the assessment of the property and a review of the assessment and its confirmation, and it was denied that the valuation was excessive or erroneous by reason of inequality. *Held* that, on such petition and return, it was error to reduce the valuations without the taking of evidence.
>
> Ingraham, J., dissenting.

Appeal from Special Term, New York County.

Certiorari by the people, on the relation of David W. Bishop, to review the action of Thomas L. Feitner and others, as commissioners of taxes and assessments of the city of New York, and from an order reducing assessments, respondents appeal. Reversed.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, CLARKE, and HOUGHTON, JJ.

George S. Coleman, for appellants.
John M. Bowers, for respondent.

McLAUGHLIN, J. The relator, to review assessments for the purpose of taxation in the year 1899 on certain real estate in the city of New York, obtained upon a petition a writ of certiorari. The real estate and the assessments thereon were 211–219 Bleecker street, $42,000, 105 East Ninth street, $12,500, 744 Broadway, $175,000, and the petition asked that the assessments be reduced to $32,000, $10,000, and $131,000, respectively. A return to the writ having been filed, and the matter coming on to be heard, upon relator's motion and against defendants' objection, the court at Special Term, without taking any evidence whatever, granted the relief prayed for and reduced the assessments accordingly, and the appeal is from this order.

The assessments were reduced, as appears from the order, upon the ground that the return to the writ raised no issue which required the taking of evidence in the proceeding. If it be true that the return

did not in fact raise an issue as to the alleged illegality of the assessments, then the order is right, and should be affirmed, but after a careful consideration of the facts set out in the petition, the return thereto, and the statute which permits an assessment to be reviewed in this way I am of the opinion that an issue was presented which required the taking of evidence before the same could be properly disposed of. It is undoubtedly true that where facts alleged in a petition for a writ of certiorari are not denied by the return, and such facts are fatal to the legality of the assessment to the extent that no amount of evidence could validate it, then judgment should be given on such undisputed facts, but if such undisputed facts may be true, without necessarily rendering the assessment illegal, then an issue is raised by a denial in the return of the conclusion drawn therefrom, and such issue can only be disposed of by evidence taken in the regular way. The petition for the writ is to be considered in the nature of a pleading, and, irrespective of the facts there stated, judgment should not be given except when such facts, read in the light of the return, make inevitable the granting of the relief sought. Does this result follow when the petition in the present proceeding is read in connection with the return thereto?

The allegations of the petition in regard to the three parcels in question are similar, and may be grouped as follows: (1) The character and size of the property; its assessment for 1898 and 1899, giving the percentage of increase for the latter year over 1898; the facts showing that the percentage in the increase of assessment on adjacent property for 1899 was not as great as that on relator's property. (2) The total amount at which all real estate, other than relator's in the same tax district, and in the boroughs of Manhattan and Brooklyn, was assessed in the years 1897 or 1898 and 1899, showing that the percentage of increase in assessment thereon was less than the percentage of increase on the property in question. (3) That such valuations include additional valuations by reason of the erection of new buildings, and that no improvements have been made on the relator's property. (4) The market value of the relator's property, the rate of assessment thereon, and instances in which certain other real estate was assessed at a smaller percentage of its market value. In regard to the premises at 744 Broadway, the additional fact was alleged that the rent had steadily been decreasing for many years, except it appears there was a slight increase in 1898 over 1897. The petition further alleges that the assessment for the year 1899 on the relator's property should not have been greater than that for 1898, in which year it bore a fair proportionate valuation to the assessment of all the other property in the tax district; that the assessment for 1899 is erroneous by reason of inequality, in that it was made at a higher proportionate valuation than the assessment of other real estate on the tax roll, and in that other property is not assessed at so high a percentage of its full value on the average, which inequality exists generally throughout the district; and that the assessment is illegal because the appraisers have not appraised the real estate on said roll at its full value.

The return sets forth the assessment of the property by one of the deputy tax commissioners under the direction of the board; the keep-

ing open of the record of assessments and notice of that fact; the filing of statements by the relator for the purpose of procuring a reduction; the referring of those statements to the deputy who made the assessments, with instructions to re-examine the property and report; the fact that he thereafter reported that the assessments were proper and equitable, ănd that "after due consideration of the allegations contained in relator's statements, and the reports of the deputy, and relying upon said reports, from which it appeared that said assessments were not greater than the fair market value of the property, nor at a higher ratio than assessments of real property generally on said assessment rolls, we confirmed the assessments at the sums originally entered by the said deputy, which we believed to be just. Upon information and belief we deny that the assessed valuations complained of were illegal, excessive, or erroneous by reason of inequality."

It will be observed that the return denies the "inequality" complained of by the relator, based upon the facts set forth in the petition. If the facts there alleged and undenied by the return were the only ones which could be examined to test the validity of the assessment, a determination upon them in favor of the relator would be proper; but they are not the only ones. Taking both the petition and return, and reading them in the manner most favorable to the relator, it may be conceded that it is admitted that the assessment for 1898 was fair; that the increase in 1899 was proportionately greater on his real estate than on adjacent property, or greater than the sum of the assessments on all other property in the district; that no improvements had been made on the premises in question; and that his assessment is at a greater percentage of the market value than the assessment on certain other real estate. But, even if such facts be conceded, there is nothing which can be construed into an admission of any fact which would preclude the appellants from showing, by evidence, that the increase in relator's assessments was not greater than the increase on other adjacent property, or the reason for this property's greater proportionate burden in 1899 than in 1898; that the increased assessment was due to other causes than improvements on the premises, or that other property was assessed at an equally high percentage of its market value.

It may well be that the appellants could not deny the facts alleged in the petition, but they did deny the conclusion which the relator drew from such facts, and this is all they were required to do in order to have the question sought to be raised determined by the court upon evidence. A fair construction of the petition and return shows simply a difference of opinion as to the value of the real estate in question between the relator, on the one hand, and on the other, the officials of the city who are charged by law with the duty of assessing such real estate for the purpose of taxation. The question raised by this difference of opinion must be determined, not by the petition and return, but by evidence offered by the respective parties. People ex rel. Broadway Realty Co., 61 App. Div. 156, 70 N. Y. Supp. 452, affirmed 168 N. Y. 661, 61 N. E. 1132. Nor is this view in any way in conflict with the rule laid down in People ex rel. Bhumgara Company v. Wells, 93 App. Div. 212, 87 N. Y. Supp. 543, affirmed 179 N. Y. 529, 71 N. E. 1136.

In that case the relator's undisputed assertion was that a certain amount of nontaxable property had been included in its assets for taxation, and that no portion of the indebtedness deducted had been contracted in the purchase of nontaxable property. The return denied that the tax assessment was illegal, but did not deny the fact that the nontaxable property referred to in the petition had been assessed, and, this fact being admitted, no amount of evidence on the part of the tax commissioners could thereafter legalize the assessment. From the facts there admitted judgment for the relator was inevitable, irrespective of any evidence that might be produced. From the facts here admitted, if they be so considered, it does not follow that evidence cannot be produced to establish that the assessments of the relator's property were not illegal, excessive, or erroneous, or that the same has been made at a higher proportionate valuation than the assessment of other real estate on the tax rolls for the year in question.

The order appealed from, therefore, should be reversed, with $10 costs and disbursements, and the matter remitted to the Special Term for determination in the manner suggested. All concur, except INGRAHAM, J., who dissents.

INGRAHAM, J. (dissenting). I think this case is controlled by the People ex rel. Bhumgara Co. v. Wells, 93 App. Div. 212, 87 N. Y. Supp. 543, affirmed 179 N. Y. 529, 71 N. E. 1136. There is nothing in the answer that denies the facts upon which the allegation of inequality is based, and a denial of the conclusion raises no issue.

I think, therefore, that this order should be affirmed.