(129 App. Div. 475.)

PEOPLE ex rel. CONSOLIDATED WATER CO. OF SUBURBAN NEW YORK v. ODELL et al.

(Supreme Court, Appellate Division, Second Department. December 30, 1908.)

1. MUNICIPAL CORPORATIONS (§ 974*)—TAXATION—ASSESSMENT—REVIEW—NATURE OF PROCEEDING.

An application for certiorari to review a village assessment of personal property against relator under Village Law (Laws 1897, p. 404, c. 414) § 109, permitting a review of assessments in the manner provided by the tax law, is a proceeding under Laws 1896, p. 883, c. 908; § 253, providing that, if it shall appear on return to any such writ that the assessment is illegal or erroneous for any of the reasons alleged in the petition, the court may order it stricken from the roll, etc.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 974.*]

2. TAXATION (§ 335*)—PERSONAL PROPERTY—ILLEGAL ASSESSMENT.

Where relator made a return of personal property, showing that it did not own any such property subject to taxation, because its indebtedness, not contracted in the purchase of nontaxable property to avoid taxation, was in excess of the value of its personal property, an assessment made notwithstanding such return was erroneous.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 562; Dec. Dig. § 335.*]

Appeal from Special Term, Westchester County.

Certiorari by the People, on the relation of the Consolidated Water Company of Suburban New York, against William I. Odell and others,

constituting the Board of Trustees of Ardsley, Westchester County, acting as Village Assessors. From a portion of an order, made on return to the writ, rendered at Special Term, relator appeals. Reversed.

Argued before WOODWARD, JENKS, GAYNOR, RICH, and MILLER, JJ.

Charles P. Blaney, for appellant.
Joseph L. Glover, for respondents.

WOODWARD, J. The application for the writ in this proceeding was made for the purpose of reviewing the assessment of personal property of the relator in the village of Ardsley for the year 1908, as provided by section 109 of the village law (Laws 1897, p. 404, c. 414), which permits a review of assessments in the manner provided by the tax law. The proceeding is, therefore, under the provisions of section 253, c. 908, p. 883, of the Laws of 1896.

The relator in its petition sets forth that it made a verified statement to the respondents, acting as a board of assessors, showing the condition of its assets and liabilities for the purposes of assessment on the 1st day of May, 1908, and that such statement showed that it did not own any personal property subject to taxation, owing to the fact that its indebtedness, not contracted in the purchase of nontaxable property for the purpose of avoiding taxation, was largely in excess of the value of its personal property. The return to the writ does not deny that such statement was made, does not suggest a single reason why the statement was not entitled to be accepted as true, and, indeed, raises no issue whatever. The statement, if true, discloses a state of facts which clearly entitles the relator to the relief asked for, and all of the questions suggested by the respondents on this appeal appear to have been fully considered and disposed of in the case of People ex rel. Bhumgara Co. v. Wells, 93 App. Div. 212, 215, 87 N. Y. Supp. 543, affirmed without opinion 179 N. Y. 529, 71 N. E. 1136, and there is no occasion for continuing the discussion. See, also, People ex rel. Bishop v. Feitner, 116 App. Div. 452, 456, 101 N. Y. Supp. 1021.

The portion of the order appealed from should be reversed, and the assessment canceled.

Order, in so far as appealed from, reversed, with $10 costs and disbursements, and the assessment canceled. All concur.