PEOPLE ex rel. GLEN TELEPHONE CO. v. HALL et al.

(Supreme Court, Appellate Division, Third Department. January 22, 1909.)

1. TAXATION (§ 485*)—ASSESSMENTS—REVIEW—POWER OF ASSESSORS.

　　Where assessors, on the review of an assessment, received a verified statement of the party complaining, and the truth thereof was not disputed, the assessors could not reject the statement or act otherwise than in accordance therewith, unless the evidence before them justified

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

it, since they were acting judicially, and hence bound by the evidence before them.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 864; Dec. Dig. § 485.*]

2. TAXATION (§ 485*)—ASSESSMENTS—REVIEW—POWER OF ASSESSORS.

Where the statement of a telephone company, verified by its president and submitted to the assessors of a town on the review of the assessment of the company, showed that all the property of the company, consisting of tools, wires, and equipments, were located on the public highways of the town, and that the same had been assessed by the state board of tax commissioners as real estate, and included ·in its value of the special franchise of the company, the assessors could not, in the absence of evidence justifying it, fix an assessment on the value of the real estate of the company in the town on the ground that all the wires, tools, and equipments were not maintained on the highways of the town.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 864; Dec. Dig. § 485.*] .

3. COSTS (§ 167*)—EXTRA ALLOWANCE—COMPETITION.

The subject-matter involved on certiorari to review an assessment is the tax involved, and not the assessment, and Code Civ. Proc. § 3252, authorizing the court to grant an extra allowance on the value of the subject-matter involved, does not authorize an allowance on the amount of the assessment involved.

[Ed. Note.—For other cases, see Costs, Cent. Dig. § 644; Dec. Dig. § 167.*]

Smith, P. J., and Cochrane, J., dissenting.

Appeal from Special Term, Fulton County.

Certiorari by the People of the State of New York, on the relation of the Glen Telephone Company, against Robert C. Hall and others, as assessors of the town of Canajoharie, Montgomery county, to review an assessment. From an order setting aside an assessment (57 Misc. Rep. 308, 109 N. Y. Supp. 402), defendants appeal. Modified and affirmed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

N. J. Herrick, for appellants.
Fred Linus Carroll, for respondent.

SEWELL, J. It appeared by the statement verified by the president of the relator, and submitted to the assessors upon the review of their assessments, that all the property of the relator, either real or personal, situated in the town of Canajoharie, consisted of its poles, wires, and equipments; that all except the switch board and telephone instruments is located in, upon, and above the public highway in said town; that it has been assessed by the state board of tax commissioners as real estate and included in its value of the special franchise enjoyed by the company at the sum of $1,200. It also appeared in the statement that the relator was prepared to substantiate the foregoing allegations by oral testimony and other proof, and demanded an opportunity to present the same and be heard in regard thereto. The assessors in their return admitted· that the state board of tax commissioners had fixed and determined the valuation of the special franchise of the relator in said town at the sum of $1,200, but denied

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

upon information and belief that all of its property in the town consisted of poles, wires, and equipments located on the public highways. The assessors also returned upon information and belief "that all of the wires, poles, and equipment of the said Glen Telephone Company are not and were not erected and maintained in, upon, and above the highways and streets of said town, but are in part upon and over private lands and property in said town," and that the value of the property upon, across, and over private property was at least $500. The defendants returned no other evidence or information than the sworn statement already described. They merely stated:

"That the said board of assessors received said application, examined into the facts alleged therein, duly considered the same and the merits thereof, and, after due consideration had, reduced the assessed valuation of real property assessed against the Glen Telephone Company from the sum of $1,000 to the sum of $500."

Upon the hearing at Special Term, no new evidence was offered by either party, from which it must be assumed that they intended to rely on the case as made before the assessors upon the original application and that the writ should be one of review only. The question was therefore presented whether the assessors were justified in discrediting the statement made to them by the relator and making the assessment.

The rule is that assessors are not free to capriciously disregard the evidence and emancipate themselves from all restrictions and rules, however fundamental. They act in a judicial capacity, in hearing parties aggrieved, and must be governed by the evidence before them. and, when they have no ground in such evidence to dispute it, they are bound to act in accordance with it. People v. Howland. 61 Barb. 273; Oswego Starch Co. v. Dolloway, 21 N. Y. 460; People v. Ferguson, 38 N. Y. 89; People ex rel. E. E. I. Co. v. Barker, 139 N. Y. 55, 35 N. E. 208; People ex rel. E. G. E. Co. v. Barker, 141 N. Y. 251, 36 N. E. 196.

In the present case all the evidence before the assessors showed that the relator had no real estate, poles, or wires that were assessable, and I can see nothing to cast doubt or suspicion upon it. As was said in People ex rel. Bhumgara Co. v. Wells, 93 App. Div. 215, 87 N. Y. Supp. 543:

"If they were not satisfied with the statement, they could have required further information from the relator on that subject. This, however, they did not do. Having accepted it as true, it is no answer when the validity of the assessment is challenged to allege that they did not believe what was therein stated. Official acts must have something more for their support when brought under judicial review than a mere surmise or belief. There must underlie the belief some evidence tending to justify it. Assessing officers cannot act arbitrarily. When evidence is laid before them as to the existence of certain facts, they are bound to consider and act upon it. Of course, they are not bound by statements which are contradicted and which they disbelieve where good reasons exist for such disbelief (People ex rel. M. Railway Co. v. Barker, 146 N. Y. 314, 40 N. E. 996), but where a statement is made, the truth of which is not disputed, a mere surmise that it may not be true does not justify assessing officers in rejecting such statement or acting otherwise than in accordance therewith."

114 N.Y.S.—33

I think enough has been stated to show that the trial court properly held that the assessment was arbitrary, capricious, and wholly without justification.

This appeal also involves the question whether the respondent is entitled to an extra allowance of $125. Under section 3252 of the Code of Civil Procedure, the court is authorized to grant the extra allowance in these proceedings, not exceeding 5 per cent., "upon the sum recovered or claimed,· or the value of the subject-matter involved." The subject-matter involved in this proceeding was the tax, and not the assessment. The sole object of the relator in impeaching the assessment was to get rid of the tax. If the assessment was valid, the tax would measure the relator's pecuniary liability and be the basis for an allowance.

I think, therefore, that the extra allowance was improperly granted, and should be stricken from the final order, and, as thus modified, should be affirmed, without· costs to either party. All concur, except SMITH, P. J., and COCHRANE, J., who vote for reversal.

