In the Matter of the Application of EDWARD F. COHEN and Another, Respondents, Appellants, for a Writ of Certiorari to Review the Assessment of Certain of Their Real Property in the City of Schenectady, New York. DENNIS F. MAHAR and Others, Constituting the Board of Assessors of the City of Schenectady, N. Y., Appellants, Respondents.*

Order affirmed, with ten dollars costs and disbursements. Hill, P. J., Rhodes and Crapser, JJ., concur; Bliss, J., dissents, with an opinion.

BLISS, J. (dissenting). Cross-appeals from an order of the Special Term in so far as it granted an additional allowance of costs, under section 1513 of the Civil Practice Act, to petitioner's attorney. The order made an additional allowance of five per cent of the total amount of the tax which would have been payable had the assessment not been reduced. The corporation counsel argues that the computation should have been made upon the diminution in tax, while the attorney for the petitioners says it should have been computed upon the amount which the assessment was reduced. The assessors of the city of Schenectady fixed the value of petitioners' real property for the purposes of assessment in the year 1932 at $155,000. This assessment was reviewed by certiorari, a referee being appointed who fixed the value of the real property for the purposes of assessment at the sum of $132,758.80, being a reduction of $22,241.20. It was conceded that the tax rate for the city for the year in question was $28.02 per $1,000. A computation indicates that the full amount of the tax, had the valuation remained as fixed by the assessors, would have been $4,343.10. As a result of the reduction of assessment, the amount of the tax paid upon this property was lessened by the sum of $623.35. The court allowed five per cent of $4,343.10 (such being the amount which petitioners would have paid as taxes had the assessment remained at $155,000), or $217.16. The city claims that the allowance should be reduced to $31.17, that being five per cent of $623.35, the saving in taxes resulting to the taxpayer because of the reduction in the assessed value. The attorney for the petitioners says that the allowance should be increased to $1,112.06, such sum being five per cent of $22,241.20, the amount which the assessment was reduced. In their petition for the order of certiorari the petitioners allege that their real property was of the fair market value of $115,000; that it was assessed at $155,000, and consequently overvalued to the extent of $40,000. The petitioners conceded they should pay a tax on $115,000. The respondents contended that they should pay a tax on $155,000. The tax on the difference of $40,000 was what the parties were contending over. Of this tax on $40,000 the petitioners were successful in saving the tax on $22,241.20 and the respondents were successful in retaining the tax on $17,758.80. Therefore, the tax on the difference of $40,000, which tax would have amounted to $1,120.80, was the subject-matter involved in this proceeding and was the amount upon which the additional allowance should have

been computed. This additional allowance should not have exceeded $56.04, i. e., five per cent on $1,120.80. This view accords with the decision of this court in *People ex rel. Glen Telephone Co.* v. *Hall* (130 App. Div. 360). There the petitioner was asking to be relieved of an entire assessment of $500, in which it was successful, and the additional allowance was computed on the amount of the tax on this claimed reduction of $500. Here the allowance should be computed on the tax on the claimed reduction of $40,000. " The sole object of the relator in impeaching this assessment was to get rid of the tax " on $40,000.