THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE DELAWARE AND HUDSON COMPANY, Respondent, *v.* THOMAS L. FEITNER et al., as Commissioners of Taxes and Assessments for the City of New York, Appellants.

*People ex rel. D. & H. Co.* v. *Feitner,* 61 App. Div. 129, affirmed.
(Argued March 26, 1902 ; decided May 6, 1902.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered May 20, 1901, which modified and affirmed as modified an order of Special Term vacating an assessment for the purpose of taxation in the year 1899 of the capital and surplus of the relator, and directed a reassessment.

*George L. Rives, Corporation Counsel (James M. Ward* and *David Rumsey,* of counsel), for appellants.

*David Willcox* for respondent.

BARTLETT, J. The appellants, the commissioners of taxes and assessments for the city of New York, in assessing the relator, a domestic corporation, with its principal office in the city of New York, for the year 1899, refused to make certain deductions, which are the subject of this appeal.

The relator operated, in connection with its own property, the Albany and Susquehanna Railroad and the Rensselaer and Saratoga Railroad under written instruments that purported to be leases. The commissioners held that the terms of these instruments were such as to vest the ownership of the properties of these two companies in the relator, and it was, therefore, subject to taxation thereon as owner.

The relator insisted that even if this theory was adopted, it was entitled to a deduction of the mortgage lien on the Albany and Susquehanna Railroad property, amounting to ten millions of dollars. The commissioners refused to make this deduction, on the ground that it was not the debt of the relator for which it was primarily liable, but an obligation of the Albany and Susquehanna Railroad Company, the payment of which was guaranteed by the relator.

The Special Term held that the refusal to make this deduction of the mortgage lien was error, and, as the amount exceeded the taxable balance, the assessment was vacated.

The Appellate Division modified the order of the Special Term by adding thereto a direction that the commissioners reassess, for the purpose of taxation of the capital stock and surplus of the relator, for the year 1899, in accordance with its opinion.

The learned judge writing for the Appellate Division stated in his opinion:

" I do not think, however, that under these leases the lessee acquired the title to the property, but that its interest in it was solely that of lessee. * * * There was no finding by the tax commissioners, nor by the court below, as to the value of these leases, and in such a case we think the proceedings should be sent back for reassessment, so that the value of these leases, deducting therefrom the value of the right to use the franchises of the leased corporations, should be ascertained and added to the value of the real estate and personal property of the relator, and from this total making the deductions which are allowed by the statute."

We are of opinion that the Appellate Division made a proper disposition of this case.

The commissioners were allowed an appeal to this court and three questions were certified, as follows:

(1) By the leases of the property of the Albany and Susquehanna and Rensselaer and Saratoga Railroad Companies, did that property become part of the capital and surplus of the Delaware and Hudson Company, or did that company acquire merely the interest of a lessee, namely, the right to use the demised premises upon the payment of the rentals reserved?

(2) In assessing the Delaware and Hudson Company by reason of the property thus leased, is that company to be assessed upon the full value thereof, as being its owner, or only upon the value of the right to use the property upon the payment of the rentals reserved without including any right to use the franchises?

(3) In case the Delaware and Hudson Company is assessable as owner of the property covered by the leases, should a deduction from any assessment upon its capital and surplus be made of the amount of the liability of the company upon the bonds of the Albany and Susquehanna Railroad Company and also of the amount of its obligations to pay the rentals specified in the leases, or either of them?

We answer the questions certified as follows:

(1) The relator acquired merely the interest of a lessee and the right to use the demised premises upon the payment of the rentals reserved.

(2) In assessing the relator the commissioners should so proceed that the value of these leases, deducting therefrom the value of the right to use the franchises of the leased corporations, should be ascertained and added to the value of the real estate and personal property of the relator, and from this total making the deductions which are allowed by the statute.

(3) It is unnecessary to answer the third question, as to the mode of the assessment in case the relator is assessable as the owner of the leased properties, as we hold it is not subject to such an assessment.

We approve and adopt the opinion below, having alluded thus briefly to the situation in order to render intelligible our answers to the questions certified.

The order appealed from should be affirmed, with costs.

PARKER, Ch. J., GRAY, O'BRIEN, HAIGHT, CULLEN and WERNER, JJ., concur.

Order affirmed.