THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE CONSOLIDATED GAS COMPANY OF NEW YORK, Respondent, v. THOMAS L. FEITNER and Others, Commissioners of Taxes and Assessments of the City of New York, and Composing the Board of Taxes and Assessments of Said City, Appellants.

*Tax — assessment of a corporation — effect to be given to the statement and testimony as to its financial condition on an application to correct the assessment — what the assessing officers must show to the court — dividends as a basis of assessment — the franchise is not taxable capital.*

Where a corporation which has been assessed upon its capital and surplus, pursuant to section 12 of the Tax Law (Laws of 1896, chap. 908), makes application to the assessing officers for the correction of the assessment, and upon such application the corporation files a verified statement as to its financial condition and the president is examined under oath as to the truth of such statement, the assessing officers are bound to accept the statement and testimony as true in the absence of evidence impeaching their verity.

Whenever the acts of the assessing officers are challenged they must, in addition to setting forth the conclusion reached by them, set forth the evidence upon which that conclusion is based, to the end that the court may determine whether the conclusion was fairly drawn from the facts established or whether the assessing officers acted arbitrarily in the matter.

314   PEOPLE ex rel. CONSOL. GAS CO. v. FEITNER.

First Department, January Term, 1903.        [Vol. 78.

The dividends declared upon the stock of a corporation are, in the absence of evidence that they were declared out of earnings, an insufficient basis for an assessment for the purpose of taxation.

The franchise of a corporation is not a part of its taxable capital.

APPEAL by the defendants, Thomas L. Feitner and others, commissioners of taxes and assessments of the city of New York, and composing the board of taxes and assessments of said city, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 12th day of November, 1902, vacating an assessment levied against the relator for the purposes of taxation for the year 1900.

*David Rumsey*, for the appellants.

*David McClure*, for the respondent.

McLAUGHLIN, J.:

The relator, a domestic corporation, was, for the purposes of taxation for the year 1900, assessed under section 12 of the Tax Law (Laws of 1896, chap. 908) $36,200,000. After such assessment was made, and while the books were open for examination and correction, the relator, considering itself aggrieved by such assessment, applied to have the same corrected, and at the time of such application submitted a statement in writing under oath as to its assets and property liable to taxation. Its president also appeared before the commissioners and was examined, under oath, as to the truth of the written statement filed. From the statement and the testimony of the president of the relator it appeared that its total gross assets were $43,469,067.95 ; its indebtedness was $20,376,950.21 ; real estate, $10,009,100 ; stock in other corporations, $20,791,638 ; which if true established that the relator's capital and surplus were not assessable.

. From the return of the respondents it appears that after considering such statement and examination, they fixed the assessment at $2,881,385, and the method by which this amount was reached is set out in the return as follows :

" We determined that the value of the total gross assets of the relator, estimating the same upon the earnings of the company, supported by the market rate of the share stock at $190, including

the fixed charges of interest on their bonds and the dividends of five and a half per cent on the stock was..... $68,120,073 90

"From this valuation we determined that the only deductions that were required by law to be made were as follows:

| | |
|---|---:|
| "Real estate...................... | $10,009,100 |
| "Debts.......................... | 20,376,950 |
| "Stocks.......................... | 20,791,638 |
| 'Franchise...................... | 13,950,000 |
| "Total.............................. | 65,127,688 00 |
| "Leaving a taxable balance as capital and surplus of,.............................. | $2,992,385 90" |

at which sum the return states the assessment was fixed, though in fact it was fixed at $2,881,385.

Thereafter the relator obtained a writ of certiorari to review the assessment, and upon the petition and writ coming on to be heard at Special Term the assessment was stricken from the rolls, and the defendants have appealed.

The commissioners, of course, were bound to assess the capital and surplus of the relator at its full value. In doing this, they could not, however, act arbitrarily, but they must be governed by the evidence before them. If there was nothing to contradict the statement filed by the relator and the testimony of its president, then the commissioners were bound to accept such statement and testimony as true and determine whether or not the relator had assessable property. (*People ex rel. Union Trust Co.* v. *Coleman,* 126 N. Y. 433; *People ex rel. Edison Electric Illuminating Co.* v. *Barker,* 139 id. 55; *People ex rel. Edison General Electric Co.* v. *Barker,* 141 id. 251.) This, however, so far as appears, they did not do, and whether they were justified in rejecting these statements cannot be determined from the record before us. The return does not disclose the evidence upon which the commissioners acted. The conclusion at which they arrived is stated, but this is insufficient, inasmuch as their act has been questioned. Whenever the act of assessors is challenged they must, in addition to setting forth the conclusion reached by them, set forth the evidence upon which that conclusion is based, to the end that the court may determine whether

316 PEOPLE ex rel. CONSOL. GAS CO. *v.* FEITNER.

FIRST DEPARTMENT, JANUARY TERM, 1903. [Vol. 78.

the conclusion was fairly drawn from the facts established or whether they acted arbitrarily in the matter. Here the commissioners stated in the return made by them that they determined the value of the gross assets " upon the earnings of the company, supported by the market rate of the share stock at $190, including the fixed charges of interest on their bonds and the dividends of five and a half per cent on the stock." How they ascertained what the earnings were nowhere appears. There is nothing to show that there was any evidence before them which enabled them to do this except the dividends made, and this alone is manifestly insufficient for that purpose. Such dividends may have been paid from the surplus and there may have been no earnings at all. Before earnings can be used as the basis for an assessment that fact must necessarily be first established. (*People ex rel. Edison General Electric Co.* v. *Barker,* 141 N. Y. 255.) Nor does it appear how the commissioners ascertained the market rate of the "share stock." No evidence was taken bearing upon that subject, and whether it was a value arbitrarily put upon the shares we are unable to say. Nor does it appear whether the value thus fixed for the "share stock" included the value of the franchise. If it did, then the commissioners erred, because its franchise was no part of its taxable capital. (*People ex rel. Subway Co.* v. *Barker,* 7 App. Div. 27; S. C. affd., 151 N. Y. 639.) Sufficient has been said to show that the assessment may not be illegal, but that it is clearly erroneous, as appears from the return, in that a proper basis was not adopted by the assessors in making it. But we do not think, because the commissioners adopted an improper basis in making the assessment, that the relator should entirely escape taxation if it has property liable to be taxed. The statute (Laws of 1896, chap. 908, § 253) provides that if it shall appear upon the return of a writ to review an assessment that the assessment is illegal or erroneous or unequal for the reasons stated in the petition, the court may order such assessment, if illegal, to be stricken from the rolls; or, if erroneous or unequal, it may order a reassessment. (*People ex rel. Manhattan Ry. Co.* v. *Barker,* 146 N. Y. 316; S. C., 165 id. 319; *People ex rel. Delaware & Hudson Co.* v. *Feitner,* 61 App. Div. 129; affd., 171 N. Y. 641.)

Here we cannot say from the record before us that the assessment is illegal in that the relator has no property liable to taxation,

but it is clearly erroneous in that the commissioners adopted an improper basis in making it, and we think the proper disposition to be made of the appeal is to send the matter back to the commissioners for a further consideration by them.

The order appealed from, therefore, is so modified as to vacate the assessment and order a reassessment by the tax commissioners, with costs of this appeal to abide the final determination of the proceeding.

Van Brunt, P. J., Patterson, O'Brien and Laughlin, JJ., concurred.

Order modified so as to vacate assessment and order a reassessment by the commissioners, with costs of appeal to abide the final determination of the proceeding.