(57 Misc. Rep. 308.)

PEOPLE ex rel. GLEN TELEPHONE CO. v. HALL et al., Assessors.

SAME v. FAILING et al., Assessors.

(Supreme Court, Special Term, Fulton County. January, 1908.)

1. TAXATION—TELEPHONE COMPANIES—REAL ESTATE IN TOWNS.

Where a telephone company showed a town board of assessors that it had no real property in the town other than that assessed by the State Board of Tax Commissioners and its poles and wires in the public highway, an assessment against it for real estate in the town was illegal.

2. SAME—REVIEW OF ASSESSMENT.

On certiorari to review an assessment made by a town board of assessors, the assessment can be re-examined only where the prior examination involved a doubt as to its legality, and not where the examination was conclusive.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 45, Taxation, § 905.]

3. SAME—STRIKING ASSESSMENT FROM ROLL.

On certiorari to review an assessment, where the return of the town board of assessors showed that a telephone company owned no real estate in the town which had not been assessed by the State Board of Tax Commissioners, and that all its property in the town consisted of its poles, wires, etc., which were located on the public highways, an assessment of real estate in the town will be stricken from the roll.

Certiorari by the people, on the relation of the Glen Telephone Company, against Robert C. Hall and others, assessors of the town of Canajoharie, and certiorari by the same relator against Ephraim Failing and others, assessors of the town of Minden to review the actions of the boards of assessors of the towns of Minden and Canajoharie, Montgomery county, N. Y., respectively, and to have items of assessment on the assessment rolls of said towns made against the relator for real estate in addition to the franchise assessment stricken from said rolls. Assessment stricken from the rolls.

The return showed that the relator had appeared before the assessors in said towns on the grievance days, and had filed with them verified complaints and petitions relating to said assessments, stating among other things that the relator did not own any real property in said towns other than that assessed by the State Board of Tax Commissioners, and that all of the property of the relator either real or personal situate in said towns consisted of its "poles, wires, and equipments necessary to transact its business, and its switchboards and telephone instruments, and that all of the wires, poles, and equipments except the said switchboards and telephone instruments were located on the public highways of said towns." The assessors in their returns alleged, upon information and belief, that all of the wires, poles, and equipments of the relator were not erected and maintained upon the public highways and streets of said towns, but were in part upon and over private lands and property therein.

Fred. Linus Carroll, for relator.

N. J. Herrick, for assessors, etc., of town of Canajoharie.

H. D. Walts, for assessors, etc., of town of Minden.

KELLOGG, J. Evidence was submitted to the assessors on the part of the relator that it possessed no real property in the tax district except its poles, lines, equipment, etc., in the public highway. The fact so proven is now denied by the return; but, in the proceedings before the assessors, there was no denial thereof raised by the proof. It was conclusively proven, without contradiction before the assessors, that the relator had no such poles and wires, and no real estate assessable as such by that board. The assessment, therefore, was arbitrary, capricious, and wholly without justification. People v. Barker, 139 N. Y. 55, 34 N. E. 722; People v. Barker, 141 N. Y. 251, 36 N. E. 196; People v. Feitner, 78 App. Div. 313, 79 N. Y. Supp. 975; People ex rel. Brooklyn Union Gas Co. v. Feitner, 82 App. Div. 368, 81 N. Y. Supp. 898.

It is true that the petition and return in certiorari proceedings are regarded as pleadings, and also is it true that a reviewing court may take evidence in addition to that submitted before the assessors and judge the assessment thereby. It is not sufficient, however, that the petition and return themselves raise an issue; they must disclose an issue raised before the assessors. The existence of such an issue at such time, raised by competent and contradictory proof, is an essential condition precedent to an examination de novo by a reviewing court. Such an examination is in amplification of a prior investigation raising an issue. It is no more the prerogative of the assessors first to create an issue before a court sitting in review than it is the privilege of the relator. The re-examination upon review may be had only provided the prior examination involved a dispute and a doubt, and not where such examination was entirely conclusive, permitting but one course of action to the assessors. People ex rel. Bhumgara Co. v. Wells, 93 App. Div. 212, 87 N. Y. Supp. 543.

It appears to me, also, that were it true as now asserted by the return that the relator possessed poles, wires, etc., upon private ground, the same was not assessable by them as real estate. This case could not then be distinguished in any wise whatever from the case of People v. Feitner, 99 App. Div. 274, 90 N. Y. Supp. 904, the court's reasoning in which is entirely convincing, though the decision itself may be in conflict with prior authority.

For all these reasons the assessment complained of should be stricken from the roll.

Ordered accordingly.