"Granger did not, in the assignment to him by defendant, assume the obligations of the contract, and the executors could not have enforced it against him. He was not liable for the purchase money, because that was defendant's debt, and Granger could have been liable for it only in case he promised to pay it in writing. For the same reason he was not liable for specific performance. * * * The assignment neither bound Granger to, nor released the defendant from, the obligation of the contract. Its sole effect was to entitle Granger to demand and receive the performance of the contract of the executors. He stood in the defendant's place, and his tender of the installment of the purchase money may be considered in this action as made on defendant's behalf."

So here the assignment neither bound Hugel to, nor released Harris from, the obligation of the contract. All it did was to entitle Hugel to demand and receive performance of the contract by Habel. Hugel never agreed in writing to pay the purchase money, and therefore he cannot be compelled to specifically perform. For specific performance defendant must look to Harris.

The court held that plaintiff's refusal to take title was unreasonable. It may well be doubted whether such a conclusion is justified by the evidence. The time fixed for the delivery of the deed, as we have already seen, was the 2d of July, when an adjournment was taken to the 5th, and from then to the 9th. The defendant was unable at that time to give a deed according to the terms of his contract, and, so far as appears, was not able to give such deed until the latter part of July or the 1st of September. Inasmuch as there must be a new trial, and the evidence upon this subject may be different, it is unnecessary to here determine whether or not plaintiff's refusal was unreasonable. He was not, in any aspect of the case, entitled to a judgment impressing a lien upon the land contracted to be conveyed for the expenses incurred in searching the title or damages for defendant's refusal to perform. Elterman v. Hyman, 192 N. Y. 113, 84 N. E. 937; Occidental Realty Co. v. Palmer, 117 App. Div. 505, 102 N. Y. Supp. 648, affirmed 192 N. Y. 588, 85 N. E. 1113.

It follows that the judgment appealed from should be reversed, and a new trial ordered, with costs to appellant to abide event. All concur, except HOUGHTON, J., who dissents.

---

PEOPLE ex rel. ONTARIO & W. RY. CO. v. STATE BOARD OF TAX COM'RS.

(Supreme Court, Appellate Division, Third Department. May 21, 1909.)

TAXATION (§ 496*)—CERTIORARI—RETURN—SUFFICIENCY.

Under Tax Law (Laws 1896, p. 883, c. 908) § 252, requiring officers making a return to a writ of certiorari to review an assessment to return the assessment roll and original papers acted on, and to concisely set forth such other facts as may be material to show the value of the property assessed and the grounds for the valuation, a return by the State Board of Tax Commissioners to a writ of certiorari to review a special franchise assessment for a railroad in a village street, which, in addition to specifying the records and papers on which the determination was made and the evidence presented in open session, states the separate valuations

of the real property in the street and the special right, if such separate valuations had been made, and the material facts which entered into the determination of the board, is sufficient, without stating other specific information or opinions acquired by the board apart from the open session or through their agents and experts, since on certiorari under the tax law the court may take further evidence, or direct that further evidence shall be taken before the referee, though, under Code Civ. Proc. § 2138, under the ordinary Code certiorari, the determination must be made on the writ and return and the papers on which the writ was granted.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 904; Dec. Dig. § 496.*]

Sewell and Kellogg, JJ., dissenting.

Appeal from Special Term, Albany County.

Certiorari by the People, on the relation of the Ontario & Western Railway Company, against the State Board of Tax Commissioners, to review an assessment under the special franchise tax act. From an order denying a motion to require respondent to make a further return to the writ of certiorari, relator appeals. Reversed.

The relator, claiming to be aggrieved by a 'special franchise assessment of $15,000 for its railroad in one of the streets of the village of Hamden, Delaware county, procured a writ of certiorari, directed to the Tax Commissioners, commanding them to make return of their proceedings, decisions, and actions in the premises, and all and singular the evidence, documents, records, or papers before them, or which were submitted to them, concerning the said matter, together with all the protests, affidavits, and papers offered or filed with them in relation thereto, "to the end that such decisions and actions of said board may be reviewed and corrected on the merits by this court, and the aforesaid errors of said board may be corrected according to law and as to the court may seem just." The return to the writ traversed the averments of the petition as to the injustice, overvaluation, and inequality of the assessment, and averred "that at and previous to the time of making such assessment they had before them certain facts and information other than those communicated to them in behalf of the relator; that at and previous to the time when the assessment and valuation of the special franchise of the relator was made by your respondents they had made inquiry, examination, and investigation as to the value of the special franchise of the relator in said town; that such inquiry, examination, and investigation was made by and on behalf of this board, and through its agents and employés, who had obtained knowledge and information and formed opinion as to the value of the special franchise of the relator assessed, and in connection therewith of the value of the property, in said town, and from such inquiry, examination, and investigation, together with the papers and documents produced before it, it decided the value of the special franchise of the relator to be the sum of $15,000;  *  *  * that the facts pertinent and material to show the value of the property assessed on the roll which were considered by your respondents, and the grounds for the valuation of such special franchise by them, included the value of the real estate of such corporation situate in the streets and highways and public places in said town, aside from and irrespective of the use and right to use such streets, highways, and public places, together with the value of the use and the right to use said streets, highways, and public places of said town by the relator, as such value has been fixed and determined upon the evidence, papers, and documents before the board, which papers and documents give, among other things, the cost of the property, the income therefrom, and other facts going to show the value thereof, and from examination, investigation, and inquiry made by and on behalf of the said board as to the value of said property."

Upon the petition, writ, and return a motion was made at Special Term for a further return, and that the defendants be required to return all the facts

and circumstances, other than such as were communicated to them on behalf of the relator, that they had before them at and previous to the time of making the assessment, all papers, records, and proceedings showing the inquiry, examination, and investigation made by them as to the value of the special franchise, all reports, certificates, opinions, and statements made and given to the respondent by its agents, servants, or employés, all facts and circumstances relating to the value of the property, or the special franchise, considered by the board in making the assessment, the valuation placed upon each special franchise in said town, the value of the relator's real estate as found by the board, included in such franchise, and the value of the use and the right to use the streets and public places included therein. The motion was denied, and from the denial this appeal is taken.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

C. L. Andrus, for appellant.
Edward H. Letchworth, for respondent.

SEWELL, J. The merits of the controversy are not involved upon this appeal, as it is simply an appeal from an order denying a motion that the State Board of Tax Commissioners make a further return to the writ.

Section 45 of the tax law (chapter 908, p. 795, Laws 1896, as added by Laws 1899, p. 1590, c. 712, § 2) provides that an assessment of a special franchise by the State Board of Tax Commissioners may be reviewed in the manner prescribed by article 11 of that chapter. Section 252 of article 11 requires the officers making a return to return the papers acted upon by them, or such portions thereof as may be called for by the writ, and also provides that:

"The return must concisely set forth such other facts as may be pertinent and material to show the value of the property assessed on the roll and the grounds for the valuation made by the assessing officers."

It is very evident that the return falls far short of showing a compliance with the requirements of the writ or of the statute. It does not contain the evidence upon which the commissioners acted. It sets forth their conclusion as to the value of the special franchise; but this is insufficient. "Whenever the act of assessors is challenged, they must, in addition to setting forth the conclusions reached by them, set forth the evidence upon which that conclusion is based, to the end that the court may determine whether the conclusion was fairly drawn from the facts established, or whether they acted arbitrarily in the matter." People ex rel. Consol. Gas Co. v. Feitner, 78 App. Div. 313, 79 N. Y. Supp. 975. No fact pertinent and material to show the value of the property, other than those communicated to the tax commissioners on behalf of the relator, appears in the return, although it admits that the commissioners had before them, and acted upon, certain other facts and information which they obtained though their agents and employés.

In People ex rel. E. E. I. Co. v. Barker, 139 N. Y. 62, 34 N. E. 724, it was said that the commissioners cannot avoid the legal effect of the information communicated to them on behalf of the relator by stating in their return to a writ of certiorari:

"That they had made 'due inquiry as to the value of the capital owned by the relator,' and had come to a certain decision in regard to it. If they made

inquiries other than the questions contained in the written statement and upon which they acted, they should, when required by the terms of the writ of certiorari, give the court some information as to the nature, extent, and direction of such inquiries, and they should state what the information was which they obtained and upon which they based their decision. Otherwise the commissioners might always return that they had made 'due inquiry' and had come to a certain decision, and the court would be powerless to give relief, notwithstanding the decision might be clearly against the evidence, which was sworn to and uncontradicted, on the part of the applicant, and, if believed, entirely sufficient to warrant and demand the correction claimed by such applicant."

It will also be observed that the return does not purport to contain the grounds for the valuation made by the commissioners. It is clear the Legislature intended by this provision that the return should set forth the facts and circumstances which constitute the value of the property so that it may be seen on the face of the return that the judgment of the commissioners was not a capricious or arbitrary one. If the tax commissioners were vested with absolute authority in making an assessment, then the wholesale statement that they had included the value of the tangible property situated in the highway with the value of the franchise, as such value has been fixed and determined upon the evidence, papers, and documents showing "the cost of the property, the income therefrom, and other facts going to show the value thereof, and from examination, investigation, and inquiry made by and on behalf of the said board as to the value of said property," would without doubt be sufficient; but, when the Legislature has given the court power to review and revise the action of the commissioners upon the merits, something more is required The return must set forth what the information was, which the commissioners obtained from their agents and employés and from the papers and documents before them, as to the cost, income, and value of the property. In the absence of these facts it is very evident that the court cannot determine, as it must, upon what theory of valuation the commissioners proceeded or whether they arrived at a just conclusion.

It is no answer to the application of the relator that the statute does not in terms require that the commissioners shall separately state the valuation of the tangible and intangible property constituting the special franchise; for it is apparent that, in determining their value as a unit, the value of each is an important element and must in the nature of things be considered. But, however this may be, the power of the court to direct the commissioners to return any valuation actually made by them, in determining the value of the property as a totality, cannot be doubted. It is for the court, and not the commissioners, to determine what facts are pertinent and material to show the value of the property assessed. These views lead to the conclusion that the return fails to show a compliance with the writ or the statute, and therefore the Special Term erred in denying the motion for an amended return.

The order appealed from should be reversed, with $10 costs and disbursements, and an order entered directing the respondent to return all the documents, records, and papers acted upon by it, and to concisely set forth such other facts as may be pertinent and material to

show the valuation made by it, to the end that the court may determine whether the conclusion of the relator was fairly drawn from the facts before it.

SMITH, P. J. (concurring in part). Under the ordinary Code certiorari the determination must be made upon the writ and return and the papers upon which the writ was granted. Code Civ. Proc. § 2138. In the certiorari under the tax law, however, the court has the power to take further evidence or to direct that further evidence be taken before the referee. The same necessity, therefore, for a full and complete return, does not exist in the certiorari proceeding under the tax law as in one under the Code. Nevertheless section 252 of the tax law requires that, in addition to the papers that are certified, "the return must concisely set forth such other facts as may be pertinent and material to show the value of the property assessed on the roll and the grounds for the valuation made by the assessing officers." This provision of the statute must receive a reasonable interpretation. The state board, in making the assessment, is authorized to obtain information apart from the record and to have its own experts make thorough examination of all the facts which would bear in any way upon the value of the special franchise. It would be impracticable that the return of the state board should contain every piece of information obtained by the expert and by him communicated to the board. Nor do I think that the return need be so specific. If the board has valued separately the real property upon the street and the special right to use the street and public ways, it would be proper to compel the board to return what valuation had been placed upon each. If, however, the valuation was made simply in gross, it might so state. If there be any material fact apart from the records, that fact should properly be stated. The relief asked for in the motion is that the respondents shall return "all the facts and information other than such as were communicated to them on behalf of the relator," and that they should return "the opinions and statements made or given to the respondents by its agents, servants, or employés, and particularly all and singular the evidence before said board referred to in the eighth and tenth subdivisions or paragraphs of said return, other than such as was communicated or given to said board on behalf of the relator," and, further, "all the facts and circumstances relating to the value of the property or special franchise referred to in the petition herein and considered by said board in making the assessment of the special franchise against relator." To require the board to make a return so specific, in my judgment, is both unreasonable and unnecessary. A return which, in addition to specifying the records and papers upon which the determination was made and the evidence presented before the board in open session, shall state the separate valuations of the real property in the street, and the special right, if such separate valuations had been made, and the material facts which entered into their determination, would in my judgment be in full compliance with the statute, without stating other specific information or opinions acquired by the board apart from the open session or through their agents and experts. The statute thus read becomes practical and rea-

sonabie, and one capable of enforcement. The case of People v. Barker, 139 N. Y. 62, 34 N. E. 722, arose upon the New York consolidation act, in which there is no provision for the taking of evidence by the court or under its direction.

Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs, directing the respondent to return all the documents, records, and papers acted upon by it, and to concisely set forth such other facts as may be pertinent and material to show the valuation made by it, to the end that the court may determine whether the conclusion of the relator was fairly drawn from the facts before it. KELLOGG, J., concurs. SMITH, P. J., concurs in opinion, in which CHESTER and COCHRANE, JJ., concur.