PEOPLE ex rel. LONG ISLAND R. CO. v. WOLF et al., Board of
Assessors.

(Supreme Court, Appellate Division, Second Department.　July 25, 1912.)

1. APPEAL AND ERROR (§ 9*)—EXISTENCE OF OTHER REMEDY.
　　Where an order requiring defendants to file an amended return to a
writ of certiorari required them to insert therein more than was nec-
essary, their remedy was by a motion for resettlement of the order,
and not by ᐧappeal.
　　[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 25–
33; Dec. Dig. § 9.*]

2. TAXATION (§ 496*)—RAILROADS—ASSESSMENT—REVIEW—CERTIORARI — RE-
TURN.
　　Under Tax Law (Consol. Laws 1909, c. 60) §§ 290–292, providing that,
on a writ of certiorari to review an assessment, the return of the of-
ficers shall contain certified or sworn copies of such roll or papers, or
of such portions thereof as may be called for by the writ, an answer
in the place of a return merely alleging the making of an assessment
against relator's property, and that all and singular the property of
the relator as set forth was assessed at its true market value as the
same was ascertained and determined by defendants, acting as assessors
of the town, was insufficient, but should have contained a certified copy
of so much of the assessment roll as was necessary for the purposes of
the writ.
　　[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 890–910; Dec.
Dig. § 496.*]

Appeal from Special Term, Nassau County.

Action by the People, on relation of the Long Island Railroad
Company, against Abram Wolf and others, constituting the Board of
Assessors of the Town of North Hempstead.　From an order of the
Special Term directing defendants to file a proper return to the writ
of certiorari to review an assessment of relator's property, they ap-
peal.　Modified and affirmed.

Argued before HIRSCHBERG, BURR, THOMAS, WOOD-
WARD, and RICH, JJ.

George B. Stoddart, of Glen Cove, for appellants.
Louis J. Carruthers, of New York City, for respondent.

WOODWARD, J.　The defendants have not filed a return to the
writ of certiorari.　They have filed what they term an answer, in
which they admit the making of the assessment roll, etc., and then
allege that "all and singular the property of the relator as set forth
in the petition herein was assessed at the true market value there-
of as the same was ascertained and determined by the said Abram
Wolf, Jeremiah F. Stapleton, and Timothy J. Bird, acting as as-
sessors of the town," etc., and the order appealed from simply com-
mands the defendants to file "a proper and verified return to the writ
of certiorari."

[1] It is true that the order appealed from requires the defend-
ants to do rather more than the relator claims is necessary in the
present instance, but this is a matter which could easily have been

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
　　136 N.Y.S.—30

remedied by a motion for a resettlement of the order, and does not justify this appeal.

[2] This is not the old common-law writ of certiorari, nor one provided for by the Code of Civil Procedure, but is one arising under the provisions of the Tax Law (sections 290–292), and the officers making a return under the Tax Law are required to make "certified or sworn copies of such roll or papers, or of such portions thereof as may be called for by such writ," and this without any reference to fees or other compensation. The return as made does not meet the requirements of the law. People ex rel. Consol. Gas Co. v. Feitner, 78 App. Div. 313, 315, 79 N. Y. Supp. 975; People ex rel. N. Y., O. & W. R. Co. v. Tax Com'rs, 132 App. Div. 604, 607, 117 N. Y. Supp. 81.

The order appealed from should be modified to provide for a certified copy of so much of the assessment roll of 1911 as is necessary for the purposes of the writ, and, as so modified, affirmed, with $10 costs and disbursements. All concur.