THE PEOPLE OF THE STATE OF NEW YORK ex rel. GORHAM MANUFACTURING COMPANY, Relator, *v.* STATE TAX COMMISSION, Respondent.

Third Department, July 7, 1921.

Taxation — mortgage tax — determination by State Tax Commission of value of long term leases — Commission not bound by value placed thereon by mortgagor — opinion evidence, cost of property and improvements thereon may be considered — books of mortgagor amount to admission of value of lease.

The State Tax Commission in proceeding under section 260 of the Tax Law to determine the value of long term leases for the purpose of fixing the mortgage tax thereon is not bound to accept the opinions of experts of the mortgagor as conclusive.

Opinion evidence, the cost of the property and the improvements placed thereon by the mortgagor are all elements that may be considered by the Commission in determining the actual or market value of the leases.

The Commission in adopting as the value of the leases the cost of the improvements, less depreciation, that being the same amount at which at the time of its determination such value was represented on the books of the relator, did not act erroneously in arriving at its conclusion as to the actual or market value of the leases.

Furthermore, the books of the relator were a standing admission by it that the value of the leases was precisely that which the Commission fixed as their value.

CERTIORARI issued out of the Supreme Court and attested on the 23d day of July, 1920, directed to the State Tax Commission, commanding them to certify and return to the office

of the clerk of the county of Albany all and singular their proceedings had relating to the determination and apportionment of the mortgage tax payable by the relator.

*Olney & Comstock* [*Albert E. Maves* and *Robert C. Beatty* of counsel], for the relator.

*Charles D. Newton, Attorney-General* [*James S. Y. Ivins* of counsel], for the respondent.

COCHRANE, J.:

Under a mortgage executed by the relator covering property within and without the State and recorded in the office of the register of the county of New York on March 6, 1918, it became the duty of the State Tax Commission, as provided by section 260 of the Tax Law (added by Laws of 1916, chap. 335, as amd. by Laws of 1917, chap. 72; since amd. by Laws of 1918, chap. 204), to determine separately the values of the property situated respectively within and without the State. The relator submitted affidavits of experts stating their opinions as to such values. The Commission accepted those opinions as to the value of the property without the State but refused to accept them as to the value of the property within the State. It is contended by the relator that in such refusal the Commission was in error.

The property within the State consists of leases giving to the relator the option to continue them for many years, in some instances at least for fifty or sixty years. The relator made extensive improvements on the leased property for the purpose of making it peculiarly valuable in relation to its business which improvements at the termination of the leases will revert to the fee owners. It also carried on its books as the value of such leases the cost of such improvements reduced from time to time by suitable allowances for depreciation. The Commission adopted as the value of the leases the cost of the improvements less depreciation being the same amount at which at the time of its determination such value was represented on the books of the relator.

The true subject of the inquiry was the actual or market value of the leases. (*People ex rel. Metropolitan Street R.*

*Co.* v. *Barker*, 121 App. Div. 661; affd., on opinion below, 200 N. Y. 509; *Matter of City of New York* [*Delancey Street*], 120 App. Div. 700; *People ex rel. Delaware & Hudson Co.* v. *Feitner*, 61 id. 129; affd., 171 N. Y. 641.) In establishing such value the opinion evidence submitted by the relator was competent but inconclusive. The cost of property as a general rule is also competent but inconclusive evidence. The weight and value of the evidence was exclusively for the consideration of the Commission. It determined that the affidavits of the relator were unsatisfactory and unreliable. There can be no question that the improvements to the leased property made by the relator increased its value and was proper evidence for the consideration of the Commission on the theory that what one pays for property is some evidence of its value. The cost of the improvements was not paid to the owners but it correspondingly enhanced the value of the leases and was an indication of what the relator deemed the increased value to be. The Commission did not ignore or disregard the evidence of the relator but weighing it in connection with what was equivalent to the cost price of the property fixed the actual or market value with reference to all of the evidence. From the cost price it made deduction for depreciation. Furthermore, the books of the relator were a standing admission by it that the value of the leases was precisely that which the Commission fixed as their value. Certainly the Commission might have fixed the value at a less amount, but it was a plain question of fact and no principle was violated by the Commission in arriving at its conclusion as to the actual or market value of the leases.

The determination should be confirmed, with fifty dollars costs and disbursements.

Determination unanimously confirmed, with fifty dollars costs and disbursements.